## BARNUM *against* BARNUM.

Where the defence to an action on a promissory note, was, that it was given without consideration ; and the facts were, that rumors being afloat in the neighbourhood of the parties, that a certain lottery ticket had drawn a prize of 2000 dollars, a fourth part of which was owned by the plaintiff, the defendant purchased of the plaintiff such fourth part, and gave for it his note for 200 dollars, being the note in suit ; and that previous to such sale, the ticket had, in truth, drawn a blank ; it was held, that this was a bargain of hazard, and the ticket, at the time of the sale, was a thing of value ; consequently, there was a sufficient consideration for the note.

THIS was an action on a promissory note ; to which there was a plea of *non-assumpsit ;* and on that issue, the cause was tried, at *Danbury, September* term, 1830, before *Daggett,* J.

The execution of the note was admitted.   The defence was, that there was no consideration for it.

It was given under the following circumstances.   There were rumors afloat in the neighbourhood, where the parties lived, that a ticket of the combination numbers 12. 35. 43. had drawn a prize of 2000 dollars ; a fourth part of which was owned by the plaintiff.   The defendant agreed to purchase of the plaintiff, this fourth part, at 200 dollars ; and for this the note in question was given.   The lottery had then been drawn a few days ; and, as it afterwards appeared, the ticket with this combination had drawn a blank.

The plaintiff insisted, that as the condition of the ticket was not known, it was a mere bargain of hazard ; that it was of some value, it would have sold in market at some price, and at least, at the price of the first cost, as its fate was not then known ; and hence, that there was a consideration for the note.   The defendant insisted, that as the ticket had drawn a blank *when sold,* it was worthless ; and of course, that there was no consideration for the note.

*Fairfield,*
June, 1831.

Barnum
*v.*
Barnum.

The Judge instructed the jury, on this point, in conformity with the defendant's claim ; and the jury returned a verdict for him. The plaintiff moved for a new trial, for a misdirection.

*N. Smith* and *E. Taylor*, in support of the motion, contended, That the sale of the ticket was a fair bargain of hazard ; and consequently, there was a sufficient consideration for the note. Both parties had heard the rumors ; neither party knew the fact. The chance of a prize, under these circumstances, was worth something. The ticket, which entitled the holder to the benefit of that chance, was a thing of value, and a legitimate subject of contract. Whether the defendant agreed to give too much or too little for that chance ; whether he made a wise or an unwise bargain,—cannot be enquired into here. The following authorities were cited. 1 *Saund. Pl. & Ev.* 173. 1 *Wms. Saund.* 211. *b.* 1 *Marsh. Ins.* 238. *Good* v. *Elliott,* 3 *Term Rep.* 693. *Earl of March* v. *Pigot,* 5 *Burr.* 2802. (*a*)

*Sherman* and *Booth,* contra, contended, That the note was given without consideration. The ground taken by the plaintiff's counsel, that this was a bargain of hazard, is untenable. In point of fact, there was *no chance.* The plaintiff had nothing of value to part with. He has given nothing, done nothing and suffered nothing ; and the defendant gained nothing, nor was it possible that he should. If the plaintiff had *warranted* the ticket to have drawn 20 dollars, or any other sum, this would be a consideration for the note, and the note would be a consideration for the warranty. In the case of an insurance *lost or not lost,* the insurer agrees to *pay* the amount of the insurance, if the vessel is lost ; and the insured pays the premium, if not lost. The considerations and undertakings are mutual. So, in case of a wager on a past event, the considerations are mutual. *A.* agrees to pay *B.* 20 dollars, if it is

(*a*) The counsel for the plaintiff were about to contend, further, That the note having been made payable to the plaintiff, and not to his order, or to bearer, was to be regarded, in this state, as a specialty, and on that ground, the consideration could not be enquired into ; but on an intimation from the Court, that this point was not made at the trial, and therefore, it could not be considered here, it was abandoned. See *Reg. Gen.* 6 *Conn. Rep.* 327.

so; in consideration that *B.* will pay *A.* 100 dollars, or any other sum, if it is not so. But in the present case, the defendant promises to pay the plaintiff 200 dollars at all events; and the plaintiff pays nothing in any event. He parts with his ticket; but that is good for nothing. Ordinarily, if a man buys a ticket, he buys a chance. The event is future. He may ultimately get nothing; but as the hazard is to be run, he may get more than he pays, or at least, something. The seller owned and parted with a chance; and the purchaser acquired one. Here the plaintiff, at the time of the transaction in question, did not own a chance; for there was none; and the defendant, of course, got none. Chance is *future matter of fact*, which may, or may not exist.—The following authorities were referred to. 2 *Kent's Comm.* 364. *Cabot* & al. v. *Haskins* & al. 3 *Pick.* 83. *Taylor* v. *Sumner* & al. 4 *Mass. Rep.* 56. *Elbers* & al. v. *The United Insurance Company*, 16 *Johns. Rep.* 128.

DAGGETT, J. Upon a fuller consideration of the question in this case than I had given it at the trial, and upon further discussion at the bar and by my Brethren, I am convinced that the instruction given to the jury, was wrong; and that there ought to be a new trial. This, for aught which appears, was a fair speculation. Neither of the parties, as the facts shew, knew the fate of the ticket: it was, therefore, a bargain of hazard. In the absence of all fraud, it is not easy to see why the plaintiff should not recover, upon the principles of law. Trading in these tickets,—tickets of a lottery granted by our own legislature,—is, of course, lawful. This ticket was, at the time of the sale, worth its original price; and probably would have then sold for that sum. There was a benefit to the promisor; and this is always a good consideration.

If it be said, that there was no consideration, because when the ticket was sold, it was in fact worthless, because it had previously drawn a blank, it may be replied, that if this doctrine be true, a sale in *Danbury* of a ticket in a lottery, drawn, for example, in *New York*, on any day, say the 1st of *May*, would be void, if made at any time before the event of the drawing was known, though within an hour after the drawing was completed. I think no such doctrine has prevailed, but on the contrary, such sales have been deemed good.

No authorities were cited, by the counsel for either party,

bearing directly on the point, except that of *Earl of March* v. *Pigott,* 5 *Burr.* 2802. That case proves, that there is a good consideration for such a promise. It was a bet between two young heirs upon the death of their respective fathers. The question was, which of two young heirs should come first to his father's estate. One of these fathers was upwards of seventy, the other a little turned of fifty. The note upon which the action was brought ran thus : " I promise to pay the *Earl of March* 500 guineas, if my father dies before Sir *William Codrington.*" The other note ran thus : " I promise to pay Mr. *Pigot* 1600 guineas, in case Sir *William Codrington* does not survive Mr. *Pigot's* father." The *Earl of March* had taken the place of *Codrington,* one of the young heirs, he *Codrington,* supposing the bet was in favour of *Pigot.* The bet was made in *London,* one hundred and fifty miles from the place of the residence of Mr. *Pigot,* the father of the defendant, who was *then* dead, having died a few hours only before the bet was made ; and of course, the fact of his death was then unknown. It was strongly contended, that there was *no consideration* for this promise ; but Lord *Mansfield* and the whole court of *King's Bench* held otherwise. This case is not cited to establish the doctrine, that an action would lie upon a bet or wager, (because I certainly think it would not, in *Connecticut,*) but to prove, that there was a consideration.

Without any wish to encourage speculation in tickets, I do not see any solid objection to a recovery. Let there be a new trial.

Hosmer, Ch. J. and Williams, J. were of the same opinion.

Peters, J. not having been present when the case was argued, and Bissell, J. having been of counsel in the cause, gave no opinion.

New trial to be granted.