By the Court,

Nelson, C. J.
It was insisted on the argument that the publication was not libellous, because the term of the plaintiff’s office as a senator had expired previous to the publication which imputed to him [210] corrupt conduct in his office of senator, and several cases of verbal slander were cited to support the proposition, viz., Starkie on Slander, 313, 14; Yelv. 158, 9; Styles, 231; Cro. Car. 282, all of which were considered by this court in the opinion delivered by Sutherland, J., in Forward v. Adams (7 Wendell, 204). The learned judge there remarks, “ The ground of action in these cases (alluding to oral slander) is, that the party is disgraced or injured in his profession or trade, or exposed to the hazard of losing his office in consequence of the slanderous words, not that his general reputation and standing in the community is affected by them. It will be recollected that the words spoken in this class of cases are not actionable of themselves, but that they become so in consequence of the special character of the party of whom they are spoken. The fact of his sustaining that special character therefore, lies at the very foundation of the action.” It will be at once perceived these reasons have no application to the case of a libel. The plaintiff here is not under the necessity of relying upon his official character for the purpose of maintaining the action; it is not the effect upon it of which he complains, or upon which the suit is predicated; it is the effect of the imputation of previous misconduct, official or otherwise upon his private character at the time of the publication, that constitutes the ground of complaint—holding him up as an individual who had been guilty of corruption in office, and hence capable of like conduct if again trusted, thereby invoking upon him the odium and scorn of the public.
There can be no doubt the allegations in the libel, if published in the *121 shape of mere oral slander, would not per se have been actionable; they impute no indictable offence; but if they tend to expose the character of the plaintiff to ridicule and contempt of the community, whether they impute a punishable offence or not, they are actionable when put forth in the shape of written or printed slander. The proposition that the imputation of a previous vicious and corrupt life tends necessarily and directly to degrade the individual in the estimation of the community at the time of the publication of the libel, is too obvious to require• argument; more [211] especially are we to assume it may have that tendency when the calumny is charged to have been published for such express purpose. It is a mistake to suppose that the ground of the action in this case is the libel upon the official character of the plaintiff; it is the calumny against his private character, charging him with having been guilty of previous conduct, seriously impeaching his integrity and honor, and which tends to degrade him in the opinion of the public, of which he complains. The plaintiff is entitled to judgment.
Judgment accordingly.