By the Court,

Cowen, J.
This was an action on two notes given for the price of mulberry trees. The amount of the notes was about $2000; and the defence was that the trees were valueless and constituted no consideration. Evidence was given tending to make out the fact, with other evidence which, as the defendants contended, estab *607 lished a case of fraud. Whether it did so was put to the jury, and their finding is conclusive.
The trees were purchased with a view to plant them; and they were planted in slips or cuttings. The evidence tended to show that a good deal of the wood was dead, that the residue had so little life remaining, and the growth of the slips was, therefore, so sickly, that all, though seasonably planted in good ground and well tended, eventually failed, and proved to be of no value. The judge charged that, if fraud was not made out, the article being of no value would not constitute a defence ; and he refused to charge that the trees being dead or worthless would be a defence.
There being neither warranty nor fraud, the defendant could not insist on inadequacy of consideration as a ground for reducing the damages. (Oakley v. Boorman, 21 Wend. 593, 4.) He was driven to a want of consideration. The rule is, that this may always be insisted on as a complete answer to an action upon an executory contract; and the only difficulty lies in the application of the rule.
The trees were likened by the defendant’s counsel to bills taken in payment after the bank happens to have failed. (Lightbody v. Ontario Bank, 11 Wend. 9.) But that depends so much on questions peculiar to the case— for instance, the nature of the debt on which they were received, as whether precedent or concurrent, and the character of bank paper—that it is difficult to extract a principle which we can with safety apply to the sale of choses in possession. (See Bayard v. Shunk, 1 Watts & Serg. 92; Camidge v. Allenby, 6 Barn. & Cress. 373; 9 Dowl. & Ryl. 391, S. C.; Harley v. Thornton, 2 Hill’s S. C. Rep. 509, note; Scruggs v. Gass, 8 Yerg. 175.) The cases are at variance as to the principle upon which they go; and are difficult to be reconciled in any respect. In one thing they do, indeed, all agree, viz: that where the bills are counterfeit they cannot be insisted on as payment under any circumstances. Littledale, J. gives as a reason in Camidge v. Allenby, that then the bills are not what they purport *608 ■ to be; that .is to say, they are not bills, but the-mere-semblance of bills. We have also holden that counterfeit bank bills are no payment. (Markle v. Hatfield, 2 . John., 455.) This would-not be sustained by our general.-.doctrine that -there is in a sale no implied warranty of kind. Kent, Ch. J. accordingly, in Markle v. Hatfield, put the case on the civil law; and it is perhaps equally, sustainable 'by the .English law. (Vid. the cases cited in Hart v. Wright, 17 Wend. 269 to 271.) The case of Markle v. Hatfield seems properly referable; therefore, to-the exception recognized by Herrick v. Whitney, (15 John. 240,) and some, subsequent cases, viz: that the party who transfers negotiable paper, though .-it be • payable - to- bearer, shall always be holden impliedly to .warrant that it is genuine. The -contrary, however, is entirely settled with us in .respect to choses in possession. (Vid, Welch v. Carter, 1 Wend. 185, and cases cited in 17 Wend. 269.) According to Welch v. Carter, if there ■ be in fact a chose in possession which is. the subject of sale, though differing from the kind which the parties suppose—indeed, though it be a mere counterfeit made to -deceive purchasers, and entirely worthless—yet warranty and fraud being. out of the case, there is a consideration by which ’the promise of the vendee to pay the .agreed price, however disproportionate, may be sustained. There - is something which the vendor may be said to part with, of some value to-him, however worthless to the defendant. • This I understand to be the rule as recently laid down by a learned judge, of the supreme -court of Massachusetts. (Per’ley v. Balch, 23 Pick. 283, 286.) He said : “ If a chattel be of. no value to any one, it cannot be the basis of a bargain;, but if it be of any value to either party, it may be a good consideration for a promise. If it is beneficial • to the purchaser, he certainly ought to pay for it. If it be a loss to the seller, .he is entitled to remuneration for his loss.” The rule has been laid down in nearly the same words by Chancellor Walworth. (Wright v. Hart, 18 Wend. 454.) In the application of this rule, if the article exist,., who shall undertake *609 to say that it is worthless to the vendor, however it may turn out for the vendee ? In Barnum v. Barnum, (8 Conn. Rep. 469,) the defendant gave his note of $200 to the plaintiff, for one fourth of a lottery ticket, on the strength of a rumor that it had drawn $2000. It had before come out a blank. Yet the plaintiff was allowed to recover the whole amount of the note. The ticket was intrinsically worth no more than the paper on which it was written. All beyond was mere chance, resting on a false rumor. So in the case at bar, it is impossible to say that the article was entirely destitute of value to the plaintiff; and the most trifling consideration is sufficient to uphold a promise.
The rejection of certain testimony offered at the trial, was proper for the reasons already given. It tended to show that the article was worthless ; but it is now obvious that it must have been unavailable, since both warranty and fraud are negatived by the finding of the jury.
New trial denied.