WILLIAM JOHNSTON v. S. P. P. SMITH.

*Demurrer, ruling of court on—Contract, consideration of—Corporation.*

1. A judge is not required to specify the particular ground in his ruling upon a demurrer where several causes are assigned, though it would be more convenient for him to do so.

2. There must be an entire failure of consideration to defeat a sale or contract; an article may have an intrinsic, though no market value; and *it seems* that where the purchaser gets what he intended to buy' although the thing bought be of no value, there is not a failure of consideration.

3. The principle announced in *Bank* v. *Statesville*, 84 N. C., 169, in reference to the existence of a corporation, sustained.

(*McEntyre* v. *McEntyre*, 12 Ired., 299 ; *Washburn* v. *Picot.*, 3 Dev., 390 ; *Hobbs* v *Riddick*, 5 Jones, 80 ; *Findly* v. *Ray*, *Ib.*, 125 ; *Brown* v. *Ray*, 10 Ired., 72 ; *Weatherly* v. *Miller*, 2 Jones, 166 ; *Bank* v. *Statesville*, 84 N. C., 169, cited and approved.)

CIVIL ACTION heard upon a demurrer to the complaint at Fall Term, 1881, of MECKLENBURG Superior Court, before *Eure, J.*

The plaintiff complained—

1. That on the 3d day of March, 1879, the defendant

made and delivered his promissory note, whereby he promised to pay to the plaintiff or order, four months after date thereof, the sum of twelve hundred and fifty dollars, payable at the Commercial National Bank of Charlotte, N. C., with interest at 8 per cent. per annum.

2. That at the maturity of the note, the plaintiff presented it for payment at the office of said bank, when and where payment of the same was refused.

3. That no part of said note has been paid, but the same is due with interest.

4. That said note was given for fifty shares of stock of the South Carolina Land and Improvement Company of par value of one hundred dollars per share, which plaintiff had sold to the defendant, but the said stock was to be held as collateral security for said note until the same was paid, and then a certificate therefor was to be delivered to the defendant.

5. That at the time of making the note the plaintiff was the owner of several hundred shares of stock of said company ; that said stock has no market value and plaintiff cannot realize anything by the fifty shares which he has caused to be issued in defendant's name. The plaintiff now brings the said certificate of stock into court and offers the same to the defendant upon payment of said debt.

Wherefore plaintiff demands judgment for the sum of twelve hundred and fifty dollars with interest thereon at 8 per cent. per annum from maturity, and costs of action.

The defendant filed a demurrer, and assigned as grounds thereof—

1. That the complaint does not set forth and allege any, or a sufficient consideration for the note sued on, but does show a total want of consideration therefor.

2. That it alleges and shows a total failure of consideration therefor.

3. That it alleges and makes no tender of the shares of stock alleged to have been sold to defendant.

4. That the stock tendered is not that alleged to have been sold to defendant.

5. That the alleged certificate of stock was issued after the action was commenced, to wit, the 7th of February, 1880, and after the original complaint was filed.

6. The complaint does not allege the existence of any such company, as that purporting to issue the certificate of stock, or any legal authority to do so, in those purporting to issue the same, or the validity thereof.

7. The said certificate filed as part of the complaint purports to be issued by a corporation, but the existence of such corporation is not alleged, nor its right to issue such, or any certificate of stock.

8. The complaint alleges and shows that said certificate of fifty shares of stock in said company was utterly worthless of no value, when issued, and now.

After a discussion of the demurrer by counsel on both sides, His Honor adjudged that the demurrer be sustained. And thereupon the counsel for the plaintiff moved the court to state what grounds in the demurrer were sustained, and which were overruled, to the end that the plaintiff may amend as to any formal defect.

The motion was denied by the court, but the defendant was allowed to amend if he desired. The plaintiff declined to amend and appealed to this court.

*Messrs. Jones & Johnston,* for plaintiff.
*Messrs. Bynum & Grier,* for defendant.

ASHE, J. The exception taken by the defendant to the refusal of His Honor to specify in his judgment which of the causes of demurrer were sustained, is not tenable. We know of no law or rule of practice which required the court to do so, while we admit such a practice would be conven-

ient to the party demurring and the saving of labor to the appellate court.

The first and second causes of demurrer assigned, touching the want of consideration, involve the same point and will be treated together.

As the demurrer admits the facts stated in the complaint to be true, if the complaint had stated any facts from which it might be inferred that the stock had no value at the date of the contract, this ground of demurrer might properly have been sustained, but the complaint only states that the stock at the time of filing the complaint had no market value, and the plaintiff could not realize anything from it— *non constat,* but that the stock may have had a market value at the date of the sale ; nor does it follow that although the stock may have had no *market* value at the time of filing the complaint, it may not have had some intrinsic value at that date, and even market value at the date of the sale. And if at the time of the sale it had any value, no matter how small, it was a sufficient consideration to support the sale. *McEntyre* v. *McEntyre,* 12 Ired., 299.

We understand the law to be settled by repeated adjudications in this state, that to defeat a sale or contract for the want of consideration, there must be an entire failure ; and it is otherwise where there is only a partial failure, which can only be remedied by a distinct action, and now perhaps by a counterclaim. *Washburn* v. *Picot,* 3 Dev., 390 ; *Hobbs* v. *Riddick,* 5 Jones, 80. And what is meant by a failure of consideration is not simply that the article sold is worthless to the purchaser, but if it be of some value to the seller there is a consideration, by which the promise of the purchaser to pay the agreed price, however disproportionate, may be sustained. If it be of no value to either party, it of course cannot be the basis of a sale. But if it is beneficial to the purchaser, in any degree, he ought to pay for it, and the law fixes his obligation at the agreed price ; and if it is

a loss to the seller he ought to be remunerated. *Johnson* v. *Titus,* 2 Hill Rep., 606 ; *Parley* v. *Batch,* 23 Pick., 283 ; *Hart* v. *Wright,* 17 Wend., 209 ; *Barnum* v. *Barnum,* 8 Conn., 469 ; *Brown* v. *Ray,* 10 Ired., 72 ; *Weatherly* v. *Miller,* 2 Jones, 166 ; *Findly* v. *Ray,* 5 Jones, 125.

But some of the authorities go even further than these we have cited, and hold that where the purchaser gets that which he really intends to buy, although the thing bought proves to be of no value, there is not a failure of consideration ; as where one bought railway scrip and it was subsequently repudiated by the company upon the ground that it was issued without their authority, upon proof offered that the scrip was the only known scrip of the company, and had been for several months the subject of sale in the market ; *Held,* the buyer had got what he really intended to buy, and could not rescind the contract on the ground of want of consideration. Benjamin on Sales, 322 ; *Lambeth* v. *Heath,* 15 M. & W., (Exchequer Rep.,) 486 ; *Barnum* v. *Barnum, supra.*

The third and fourth grounds should not have been sustained, for according to the terms of the contract as admitted by the demurrer, the stock was to be held as collateral security for the note given for the price ; and the certificate for the same was not to be delivered to the defendant until the money was paid. We think it is to be inferred from the statement in the complaint, that the certificate filed in court was for fifty shares of the identical stock which the plaintiff alleged that he owned at the time of the sale, and that issued was a part of the same. It is true the certificate bears date the 7th of February, 1880, but the fifty shares may have been surrendered by the plaintiff and issued again in the name of the defendant, which we believe is the usual course of transferring fractions of certificated stock in banks and other corporations, and we presume it was done in this case.

What has been said in regard to the third and fourth grounds applies equally to the fifth ground.

The sixth and seventh causes assigned cover the same ground and are insufficient.

We think the existence of the company and its right to issue stock are sufficiently set forth in the complaint. The fact that the defendant recognized the existence of the company and its right to issue stock by bargaining for and purchasing the stock is at least, so far as this case is concerned, *prima facie* evidence of its existence, and the right to issue stock. *Bank* v. *Statesville*, 84 N. C., 169.

The eighth ground must be overruled, for the reason, that " the complaint does not state that the certificate of fifty shares of stock in said company was utterly worthless and of no value when issued, and now." The complaint only states, that said stock has no *market value*, and plaintiff cannot realize any thing from it. Because an article has no market value, it does not follow necessarily that it had no intrinsic value. The stock may have had no market value at the time of filing the complaint, and yet have had such value at the time of the sale.

We are of the opinion there was error in the ruling of His Honor in sustaining the demurrer. The demurrer must therefore be overruled. Let this be certified to the superior court of Mecklenburg that the defendant may be allowed to answer, &c.

Error.                              Reversed.