*149
 
 Manly, J.
 

 A recovery in assumpsit can only be effected where there is a
 
 total
 
 want of consideration, as where the promise is based upon the sale of a horse that is at the time dead. And a payment made of the purchase-money upon such a sale, would be money had and received to the use of the party paying, and might be recovered back, irrespective of any question of fraud.
 

 So, we think money paid for a promissory note, satisfied and extinguished, and which, therefore, has no longer any life as an obligation, stands in the same condition. While the seller of an article of personal property, and likewise, as we suppose, of a chose in action, is not held, in the absence of an express promise, to be liable for defect of quality, yet he is liable if it turn out that the article sold, had no existence at tire time, or, that it was a nullity by reason pf forgery, or the like. The liability is not in the nature of a warranty, but rests upon the plain principle of justice, that when something Is paid for nothing, through ignorance of facts, the law will reinstate the parties by nullifying the whole transaction. Assumpsit has long been held to be the remedy in such cases.— The case of
 
 Anderson
 
 v. Hawkins, 3 Hawks’ Rep. 568, was an exchange of bank notes, in which the money received by plaintiff, turned out to be counterfeit, both parties being equally ignorant of the fact. The plaintiff was permitted to recover his money back in an action of assumpsit. This case is in point. The only distinction is, in the one case, the notes were forged, in the other, paid. In both, they were equally null and worthless, and it seems to ns, the same principles and rules of law,.ought to govern them. See the case of
 
 Hargrave v. Dusenbury,
 
 2 Hawks’ Rep. 326. On the trial, it was necessary, in order to charge defendant, as for money liad and received, to show that he had received payment of a note taken from plaintiff, and a witness was asked if he knew it was paid. The testimony was objected to for reasons stated in the ' bill of exceptions, but the witness answered under leave from the Court, that he had purchased the note in question of defendant,-and that the obligor had paid it to witness. Objec
 
 *150
 
 tiou to this evidence, on any ground, is untenable. If the note had been in existence and produced, it could have shown nothing pertinent to the enquiry. The contents were not material. The point under investigation was, whether Einstein had turned the note into cash, and the best evidence of this was the oath of the person to whom he had sold it. There was no error on the trial below, and the judgment must be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.