PETER GETTO v. ANTON BINKERT *et al.*

PROMISSORY NOTE—*Parol Evidence to Vary.* The terms of a promissory note payable one day after date cannot be so varied as to become due only after the sale of certain lots by evidence of a parol contemporaneous agreement to that effect between the parties.

*Error from Sedgwick Court of Common Pleas.*

ACTION by *Binkert* and others against *Getto* to recover on a promissory note. Judgment for plaintiffs. The defendant brings the case here. The case is sufficiently stated in the opinion herein, filed July 6, 1895.

*Sankey & Campbell*, for plaintiff in error.
*J. D. Houston*, and *J. F. Craig*, for defendants in error.

The opinion of the court was delivered by

MARTIN, C. J. : The original action was brought by the defendants in error against the plaintiff in error in the court of common pleas, November 14, 1890, to recover upon a promissory note for $3,075, dated July 3, 1886, and payable to the order of S. Kingsbaker & Bros. one day after date, with interest at 6 per cent. per annum. It was indorsed after maturity to the defendants in error, and the plaintiff in error paid interest upon it to July 3, 1889. Louis Kingsbaker was a traveling salesman and a member of the firm of S. Kingsbaker & Bros., of Quincy, Ill., while Getto was a resident of Wichita ; and the only defense necessary to mention was in substance that Getto and Louis Kingsbaker agreed to purchase certain lots in Wichita on joint account, the money to be obtained by draft upon S. Kingsbaker & Bros., and Getto was to pay 6 per cent. interest on one-half the amount borrowed, and the title to the property purchased was to be taken in the names of Getto and Louis Kingsbaker, and, when the lots were sold, the money borrowed was to be repaid, and the profits divided equally between Getto and Louis Kingsbaker, and that the note was given as a mere memorandum to show the amount received for Getto's use, and that the lots had not been sold.

There are some further allegations in the answer not supported by the evidence, and which we need not mention. The court ruled that the burden of proof was upon the defendant below, and he was the only witness examined on his own behalf. After the introduction of his evidence, a demurrer thereto was sustained on the ground that no defense to the note had been proved; and the jury was instructed to return a verdict in favor of the plaintiff below for the amount due on the note; and on January 15, 1891, judgment was rendered on the verdict for $3,356.85, bearing 6 per cent. interest, and costs of suit. Getto's evidence was in line with the substance of his answer as above stated. He testified that the understanding with Louis Kingsbaker that the borrowed money should be paid out of the proceeds of the sale of the property was at and before the time of the execution of the note, and that it was talked over thereafter on some of the visits of Louis Kingsbaker to Wichita, but there was no consideration for any subsequent agreement, and Getto did not really testify to any different agreement from that which was first made. He stated that they expected to sell the lots in a short time, and in the spring of 1887 they did make sale of one lot for the sum of $2,500, realizing a profit thereon of $1,250; and Getto retained his half of the proceeds, being $1,250. At the same time they were negotiating a sale at $8,000 for the remainder of the property, for which they had paid $5,000, and he wrote to S. Kingsbaker & Bros. that he would take up the note if they would send it to the State National Bank at Wichita. The title to the lots was taken in the name of Peter Getto and Louis Kingsbaker.

The evidence may be sufficient to raise the question whether the date of maturity of the promissory note

was extended by the oral agreement between Getto and Louis Kingsbaker, made prior to or concurrently with its execution, so that it would not become due until the lots should be sold, and the plaintiff in error insists that this question ought to have been submitted to the jury on the evidence. The construction of an unambiguous written contract is, however, a matter of law for the court (*Warner v. Thompson*, 35 Kas. 27), and there is nothing ambiguous about the note in suit. Parol evidence is inadmissible to change the terms of a written contract. All prior or contemporaneous negotiations are presumed to be merged in or concluded by it: (*Hopkins v. St. L. & S. F. Rly. Co.*, 29 Kas. 544, 550; *Willard v. Ostrander*, 46 id. 591; *Safe and Lock Co. v. Huston*, ante, p. 104; 39 Pac. Rep. 1035, 1036, and cases cited.) This rule does not exclude proof of a separate and independent parol contract made contemporaneously with the execution of the written agreement and not inconsistent with it. (*Babcock v. Deford*, 14 Kas. 408; *Weeks v. Medler*, 20 id. 57, 64.) But the evidence does not take this case out of the general rule, nor bring it within any of its established exceptions. A contemporaneous parol agreement that a promissory note, payable one day after date, shall not become due until certain lots are sold, is not separate from nor independent of the note, but is inconsistent with it.

The decision of the court below might well be sustained on another ground. If a condition had been inserted in the note that it was payable out of the proceeds of the sale of the lots, yet it would have become due in a reasonable time. (*Jones v. Eisler*, 3 Kas. 134, 139; *Palmer v. Hummer*, 10 id. 464; *A. T. & S. F. Rld. Co. v. Burlingame Township*, 36 id. 628, 633, 634; *Smithers v. Junker*, 41 Fed. Rep. 101.) And in this

case, where the sale of the lots was contemplated by the next spring, and payment had often been requested and even promised, and where part of the property was sold within the time originally contemplated, and Getto retained half the proceeds, it would be proper for the court to declare that a reasonable time had elapsed between July, 1886, and November, 1890. (*Druse v. Wheeler*, 20 Mich. 189, 195, 200; *Johnson v. Agricultural* Co., 20 Mo. App. 100; *Bottum v. Moore*, 13 Daly., 464.)

The judgment will be affirmed.

All the Justices concurring.