## FAIR v. SHELTON.

(Filed April 9, 1901.)

CONTRACTS—*Consideration—Patents.*

> A person who purchases the exclusive use of certain territory for the sale of a patent can not set up, as a failure of consideration of a note given therefor, that the article patented was worthless.

ACTION by A. J. Fair against D. D. Shelton and W. A. Whitaker, heard by Judge *E. W. Timberlake* and a jury, at November Term, 1900, of FORSYTH County Superior Court. From a judgment for the plaintiff, the defendants appealed.

*Swink & Swink,* for the plaintiff.
*Jones & Patterson,* for the defendants.

COOK, J. The execution of the note, coupled with the terms and conditions stated in the contract sued upon, and also the delivery of the deed to defendant, are admitted.

For their defence the defendants aver:

· "1. They admit the execution of the note and contract sued on; but they allege that they were induced to sign the said note and contract upon the representations of plaintiff that the tobacco steamer was properly constructed out of good and durable material; that its mechanism was perfect, and that it would be readily sold and meet the demands of the farmers and raisers of tobacco, while in truth and in fact it was badly constructed and out of inferior material, and could not be operated as represented by the plaintiff, and because of such defects defendants have been unable to sell the steamer.

"2. That there has been a failure of the consideration upon which the note was executed, and therefore judgment should not be rendered against them for said note."

As to the first averment there is no proof offered, and it

seems to have been abandoned. It will not be further considered.

As to the second—the defendants rely upon a failure of consideration of the contract, and undertake to prove it by showing that the patent tobacco steamer was worthless, which evidence was excluded by the Court, and defendants excepted. Defendants do not rely upon a partial but an entire failure of consideration, which alone can defeat a sale or contract. *Johnston v. Smith,* 86 N. C., 501. It matters not whether the subject of the sale was of value to the purchaser or vendee—as to him it may be absolutely worthless, but if it be of some value to the grantor or vendor, however little, the consideration does not fail. To render a promise void upon an entire failure of consideration, it must appear that the consideration upon which it was supposed to be based, *did not in fact exist,* and its non-existence was unknown to the parties. For instance, where the grantor sells and conveys land to which he has no title (both parties assuming that he has) the grantee gets nothing—there is a failure of consideration; but otherwise should the grantee purchase such right, title and interest as grantor might have, for here the maxim of *caveat emptor* applies. *Fox v. Haughton,* 85 N. C., 168. Likewise if a vendee gets that which he buys, though worthless (in the absence of deceit), for he buys upon his own judgment and at his own risk, in not requiring a warranty. So also in the absence of fraud, the buyer is liable for the price agreed to be paid for worthless stock in a corporation, where he receives that for which he contracted, though it was known by the seller to be worthless. *Hunting v. Downer,* 151 Mass., 275. In the case under consideration no deceit was practiced, nor was there any warranty. The defendants purchased the exclusive use of the territory for the sale of the steamer, and obtained what they purchased. The grantor owned the right and did sell. He also had ap-

plied for the patent and there is no suggestion that he failed to acquire it. What more was necessary to be performed upon the part of plaintiff? If the investment proved to be unprofitable to defendants it was their misfortune. Failure to realize profits upon experiments and speculations are too frequent to excite surprise. While the patent law allows a patent to issue only for a new and useful art, machine, etc., yet there is no implied warranty that it will be profitable. Judge Story says, "By 'useful invention,' in the statute, is meant such a one as may be applied to some beneficial use in society, in contradistinction to an invention which is injurious to the morals, the health, or the good order of society. * * * If this practical utility be very limited, it will follow that it will be of little or no profit to the inventor; and if it be trifling, will sink into utter neglect."

In the case of *Wilson v. Hentges,* 26 Minn., 290 (and cited and approved in *Van Norman v. Barrean,* 54 Minn., 393), it is held: "If, however, the patent be valid, the right to sell the article is exclusive, and is in law a valuable right, although it may not in fact be a profitable one; and as one may pay or agree to pay what he pleases for such a right, the grant of it to him is a valid consideration for his promise to pay for it."

In this case the plaintiff owned the patent and the exclusive right to sell in the territory described. Defendants bought that right and nothing more. No steamers were sold. Defendants had the right under the contract to return the deed at the expiration of ninety days in cancellation of the note, but did not chose to do so. The basis of the consideration of this contract was the existence of the exclusive right to sell the patent tobacco steamer in that territory, conditioned upon the issuance of the patent to the plaintiff, about which there is no contention, for it is admitted.

This being the case, we think his Honor properly excluded the evidence, and hold that there is

No error.