CHEROKEE COUNTY ET AL. v. B. B. MERONEY ET ALS.

(Filed 26 May, 1917.)

1. **Contracts—Consideration—Nudum Pactum—Sheriffs—Principal and Surety—Judgments.**

    *Semble*, an agreement between the county officials and the sureties on the bond of a defaulting sheriff in settling his taxes, against whom judgment has been rendered, that execution thereunder should not issue within a year, is without consideration moving to the county, and being *nudum pactum*, is unenforcible.

2. **Bills and Notes—Judgments—Execution—Contracts, Written—Parol Agreements—Contradicition—Evidence.**

    Where a county has obtained a judgment against the sureties on a sheriff's bond for his default in the settlement of his taxes, and its officials have taken a note from the defendants extending the time of payment by them for a year, in an action upon the note the defendants may not set up the defense, in the absence of fraud, accident, or mistake, that as a part of the agreement, resting in parol, contemporaneously made, they were given further time, until certain lands had been sold, for such would be in contradiction of the written instrument.

CIVIL ACTION, tried before *Adams, J.*, at April Term, 1917, of CHEROKEE.

Plaintiff sued upon an unsealed note given by B. B. Meroney and the seven other defendants, on 3 March, 1914, for $448.75, due twelve

months after date, with interest at 6 per cent per annum. Judgment was entered in favor of the plaintiff, and the defendants appealed.

*Dillard & Hill for plaintiffs.*
*J. N. Moody for defendants.*

WALKER, J. The defense was, and defendants propose to show, that the note did not express the true contract between the parties, and that instead of being an unconditional promise to pay the amount of money specified in the note at the time stated, there was a very different agreement, in substance and effect, and as a part of the alleged agreement it was stipulated at the time that the defendants would not be required to pay until they had sold certain real estate. The plaintiffs held a judgment against defendants, as sureties of one T. N. Bates, former sheriff of the county, who defaulted in the payment of taxes collected by him, and could have issued execution at any time against defendants and collected the money due upon the judgment. The transaction between the parties really amounted to an agreement, as stated in the note, to extend the time of payment for twelve months, and the defendants propose to show that this was not the true agreement, but that they were to have a much longer time to pay, and, in fact, what might be an indefinite time.

We cannot see how this alleged agreement is supported by any sufficient consideration. It is really a *nudum pactum.* The county was getting nothing by the arrangement, and, if possible, less than nothing, as the benefit was all on the side of the defendants, and the disadvantage all on the side of the county, and this was reversing the order of things, as the party to whom the promise is made should have the benefit, or the other party the disadvantage. A contract has been defined as "an agreement," upon sufficient consideration, to do or not to do a particular thing. Bl. Com., 442; 2 Kent Com., 449; Clark on Contracts (2 Ed.), p. 2. And it is more particularly defined as follows: "Consideration is that which moves from the promisee to the promisor, at the express or implied request of the latter, in return for his promise. As the term is used in the law of contracts, it means a 'valuable' consideration; that is, something having value in the eye of the law. It may consist either in 'some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other.'" The consideration to support a promise need not inure to the promisor; it is sufficient if it consists in a detriment to the promisee. *Bank v. Bridgers,* 98 N. C., 67. There is no detriment here to the defendants, as the benefit is all theirs, and there is nothing of value that goes to the promisors, who are the plaintiffs. There is a good consideration for the note, upon the authority of *Baker*

*v. Walker,* 14 Exch., 468, in which it was held: "Where a man who has a judgment debt takes from his debtor a promissory note for the amount, payable at a certain time, it must be inferred that he thereby enters into an agreement to suspend his remedy for that period, and, if so, that is a good condition for the giving of the note." This was approved in *Bank v. Bridgers, supra,* citing, also, *Putnam v. Lewis,* 8 Johns., 389; *Frisbie v. Larned,* 21 Wend., 450; *Harshaw v. McKesson,* 65 N. C., 688 (*S. c.* 66 N. C., 266). We need not consider in this connection the other position taken by the plaintiffs as to the lack of power in the county commissioners to make the alleged parol agreement to extend the time of payment.

But, instead of making the ground of decision the want of a consideration to support the alleged agreement, we may safely rest it upon the familiar rule that parol evidence will not be admitted to vary or contradict a written contract. The object here is to prove, not a collateral contract consistent with the written one, which was not reduced to writing, but a contemporaneous oral stipulation that varies the written contract materially, and which would tend to prove a very different contract. This is contrary to the well-settled rule, as stated by the Chief Justice in *Walker v. Venters,* 148 N. C., 388, where he said: "It is true that a contract may be partly in writing and partly oral (except when forbidden by the statute or frauds), and that in such cases the oral part of the agreement may be shown. But this is subject to the well settled rule that a contemporaneous agreement shall not contradict that which is written. The written word abides and is not to be set aside upon the slippery memory of man," citing *Basnight v. Jobbing Co.,* 148 N. C., 350. It is not alleged that the oral agreement was omitted from the writing by fraud, accident, or mistake, but the bald proposition is that defendants should be permitted to attack the contract, as they worded it, collaterally, and show that it does not express the agreement truly, but one radically different. In *Basnight v. Jobbing Co., supra,* the Court, after stating that no rule is better established than the one which rejects parol evidence to contradict or vary a written contract, unless upon the ground of fraud or mistake, which must be set up by proper pleading, says: "Evidence, under this rule of exclusion, is never admitted, if the wording is clear, or if the evidence offered is in direct contradiction of the intrinsic meaning of the language of the contract," citing *Meekins v. Newberry,* 101 N. C., 18; Browne on Parol Ev., p. 199, secs. 55-56; *Gilbert v. Moline Plow Co.,* 119 U. S., 491; *The Delaware,* 14 Wall., (U. S.), 579; *Kean v. Davis,* 21 N. J. L., 683. If this Court should hold otherwise, we would open wide the door for the entrance of the very evil which this wise and wholesome rule was intended to bar from our jurisprudence. On the contrary, we should

adhere to the rule strictly, as we are urged to do in *Moffitt v. Maness,* 102 N. C., 457, and not permit oral testimony to vary the written word, which is backed by a strong presumption of its accuracy and truth. We may already have gone so far in the other direction as to be in imminent peril of crossing the line set as the extreme limit by the rule, beyond which it is dangerous to go. Where it is permissible to hear oral evidence of a collateral stipulation, under another rule, it is but showing another part of the same contract, which was not put in writing, in order to present it in its entirety, but even then the oral part must not vary or contradict that which is in writing. *Evans v. Freeman,* 142 N. C., 61. The principle is thus stated in Clark on Contracts (2 Ed.), at p. 85: "Where a contract does not fall within the statute, the parties may at their option put their agreement in writing, or may contract orally, or put some of the terms in writing and arrange others orally. In the latter case, although that which is written cannot be aided by parol evidence, yet the terms arranged orally may be proved by parol, in which case they supplement the writing, and the whole constitutes one entire contract." Commenting on that statement of the rule, we said in *Evans v. Freeman, supra:* "In such a case there is no violation of the familiar and elementary rule we have before mentioned, because in the sense of that rule the written contract is neither contradicted, added to, nor varied; but leaving it in full force and operation as it has been expressed by the parties in the writing, the other part of the contract is permitted to be shown in order to round it out and present it in its completeness, the same as if all of it had been committed to writing."

There are many authorities to the effect that when the terms of a promissory note are so clearly expressed as to create no doubt of their meaning, parol evidence will not be admitted to subtantially change them, as, for instance, to postpone the date of payment. *Free v. Hawkins,* 1 Starkie, 361; *Getto v. Binkert,* 55 Kan., 617; *Hill v. Gaw,* 4 Pa. St., 493; *Kincaid v. Higgins,* 4 Ky. (1 Bibb.), 396; *Moseley v. Hanford,* 10 B. and C., 729 (109 Eng. Reprinted Reports, 621); *Campbell v. Upshaw,* 26 Tenn. (7 Humph.), 185; *Litchford v. Falconer,* 2 Ala., 280; *DeLong v. Lee,* 73 Iowa, 53; *Rawson v. Walker,* 1 Starkie, 361.

The substantial question was whether the defendants could engraft upon the written contract by oral proof a stipulation conflicting with the provisions already there, and believing that the ruling of the court on this proposition was corect, we affirm the judgment.

No error.