THE CONTINENTAL JEWELRY COMPANY v. E. T. STANFIELD AND
B. A. STEADMAN, TRADING AS STANFIELD & STEADMAN.

(Filed 22 February, 1922.)

**1. Vendor and Purchaser—Sale—Implied Warranty.**

Where goods are sold without inspection the vendor impliedly warrants
them to be at least merchantable.

**2. Same—Express Warranty—Contracts—Worthless Articles—Exchange
—Consideration.**

Upon the sale of jewelry by sample with a written warranty that should
any of the articles purchased fail to give absolute satisfaction to the user,
the vendor would furnish new duplicate articles, upon their return, at his
expense, the law will imply a warranty that they are merchantable or of
some value; and where they are worthless, an exchange of like kind and
quality would be of no benefit to the purchaser, and without consideration
for their price, and he may recover without having complied with the
terms of the warranty.

**3. Same—Instructions—Verdict Directing.**

Where, notwithstanding a warranty in the sale of jewelry that they
should be returned and exchanged for others of like kind and quality, there
is evidence tending to show that the articles were absolutely worthless,
the failure of the purchaser to offer them in exchange will not warrant
the trial judge in directing a verdict for the vendor, and the issue should
be submitted to the jury with proper instructions.

APPEAL by defendants from *Allen J.*, at September Term, 1921, of
EDGECOMBE.

This action began before a justice of the peace to recover $192 and
interest for jewelry purchased from the plaintiff. The plaintiff intro-
duced an itemized and verified statement of account for $192; the
defendants admitted that they bought some jewelry from the defendant
company and signed contract for it; that three or four weeks after
receiving the jewelry it all turned out to be brass and not merchantable;
that every piece they sold was brought back; that it was of no value,
and they returned all of it to the plaintiff company by express after a
lapse of probably ninety days. The defendants further testified that the
stuff was wholly worthless and not salable; that the goods were reshipped
to the plaintiffs, and have never been returned to them. The plaintiff
testified that it directed the goods to be shipped back to the defendants,
who in turn denied they have received them.

The defendants asked the court to instruct the jury that (1) if the
goods were not of the kind specified in the contract, that is, that the
jewelry was not gold plated, or rolled gold plate or solid gold, and the
jewelry sent was all brass, then the defendants had the right to return
the same, and are not liable for the goods returned.

(2) That if the jury find by the greater weight of the evidence that the jewelry was not merchantable, but was unsalable and worthless, the defendants had the right to return the same, and are not liable for the goods returned.

(3) That if the jury find by the greater weight of the evidence that the goods were returned by defendants to plaintiff and kept by it, then the defendants are not liable for the goods returned.

These prayers were refused, and the defendants excepted, and the court instructed the jury if they believed all of the evidence in the case, as a matter of law the plaintiff is entitled to recover, and to answer the issue, "$192, and interest." The jury so responded, and from the judgment entered the defendants appealed.

*H. D. Hardison and G. M. T. Fountain for plaintiff.*
*W. O. Howard for defendant.*

CLARK, C. J. The plaintiff relies upon the contract which contains a provision, "Should any article purchased from us fail to give absolute satisfaction to the user, it must be promptly returned to us, and we will furnish free a new duplicate article, and return it at our expense." But we think that if the articles were brass and not merchantable and of no value, as the defendants testified, to receive a "duplicate" thereof would have been no benefit to the defendants, and such provision would not be a defense to the plaintiff. The defendants were entitled to have the issue submitted to the jury upon that allegation, and the second prayer of the defendants should have been given. If the jury had found that "the jewelry" was "not merchantable, was unsalable, and wholly worthless," the defendants had the right to return the same, and are not liable for the goods returned, and it was also error for the court to instruct the jury that if they "believed all the evidence in the case, as a matter of law, the plaintiff is entitled to recover, and to answer the issue '$192, and interest.' " '

If, as a matter of fact, the goods were worthless and unmerchantable, the provisions in the contract that the defendants might return any of it and receive another or other articles of the same grade was no warranty at all, except in form, and there was a total failure of consideration. These goods having been sold without opportunity for inspection, there was an implied warranty that they should be at least merchantable. *Main v. Field,* 144 N. C., 310; *Medicine Co. v. Davenport,* 163 N. C., 294; *Asheford v. Shrader Co.,* 167 N. C., 45.

The issues of fact arising upon the evidence, there being no pleadings in this case begun before a justice of the peace, should have been submitted to the jury upon proper instructions.

New trial.