HOME FINANCE COMPANY OF GEORGETOWN, INC., v. W. H. (BILL) O'DANIEL AND H. W. KENNEDY.

(Filed 4 March, 1953.)

**1. Chattel Mortgages and Conditional Sales § 8b—Whether mortgaged vehicle acquired situs in this State within meaning of G.S. 44-38.1 (a) held question for jury upon the evidence and agreed facts.**

An automobile subject to a chattel mortgage, executed in another state and duly registered in such other state in accordance with its laws, was brought into this State after the effective date of G.S. 44-38.1. The evidence and facts agreed disclose that the mortgagor sold it to a used car dealer in this State who, after keeping the truck some eight weeks, sold it to an innocent purchaser for value without notice, and that mortgagee repossessed it some fifteen days later. *Held:* Under the provisions of G.S. 44-38.1 (a) the vehicle acquired a *prima facie situs* in this State, but such *prima facie* case does not compel a finding by the jury to this effect, and therefore defendant purchaser is not entitled to a nonsuit, the burden being upon him to prove a change of *situs* alleged by him, but a directed verdict in the mortgagee's favor is error, the issue being for the determination of the jury upon the evidence and facts agreed.

**2. Trial § 23b—**

*Prima facie* evidence simply carries the case to the jury for its determination, and justifies but does not compel a finding by the jury in accordance therewith.

**3. Trial § 29—**

A peremptory instruction in favor of plaintiff is proper only when the facts, admitted and established, are susceptible only to one inference, and when different inferences can be drawn therefrom a peremptory instruction is error.

APPEAL by defendant H. W. Kennedy from *Pless, J.,* and a jury, at April Civil Term, 1952, of GUILFORD (Greensboro Division).

Civil action in claim and delivery for the possession of an automobile, claimed under a conditional sales agreement executed in the State of South Carolina.

The plaintiff and the defendant Kennedy entered into a stipulation, which was introduced in evidence during the trial, and may be summarized as follows: 1. The plaintiff is a corporation duly organized and existing under the laws of the State of South Carolina with its principal office in Georgetown, South Carolina, with associate offices in Greensboro, North Carolina. 2. Kennedy is a resident of Guilford County, North Carolina. 3. On 11 June, 1951, W. F. Blake executed and delivered a conditional sales agreement, or chattel mortgage, to Harrelson Motors, Inc., Georgetown, South Carolina, conveying to the motor company one 1951 GMC pick-up automobile truck, as described in the com-

plaint, as security for a promissory note of even date in the sum of
$1,405.08 executed and delivered by Blake on the same date to the motor
company.  The note was payable in 18 monthly installments—the first
installment being due on 11 July, 1951.  At the time of the execution and
delivery of the note and conditional sales contract, Blake gave his resi-
dence as Little River, Horry County, South Carolina.  4. On 11 June,
1951, for a valuable consideration, the motor company sold and assigned
the contract and note of Blake to the plaintiff.  5. The plaintiff duly
recorded the conditional sales contract in the office of the Clerk of the
Court of Horry County, South Carolina, on 12 June, 1951, as provided
by the laws of the State of South Carolina.  Blake has failed to comply
with the terms of the conditional sale contract and promissory note, and
has failed to make payments in accordance with the terms of said con-
tract and note.  There is now due plaintiff on said note and contract
$1,232.19 after credit for rebate on insurance and interest.  6. The truck
had a reasonable market value of $1,400.00 on 11 June, 1951.  7. Blake
subsequent to the recordation of the sales contract brought the truck into
North Carolina, and on or about 10 July, 1951, sold the truck for a valu-
able consideration to the defendant Kennedy, a used car dealer, in Guil-
ford County, North Carolina; at the time of the sale Blake transferred
to Kennedy a South Carolina registration card showing registration of
the truck in the name of Blake with the State Highway Department,
Motor Vehicle Division, Columbia, South Carolina; that the registration
of the truck still remains in the name of Blake according to the records
of the State of South Carolina.  8. On 3 September, 1951, Kennedy sold
the truck to the defendant O'Daniel, who was an innocent purchaser for
valuable consideration; the truck has remained in North Carolina since
10 July, 1951.  The plaintiff first had knowledge that the truck was
brought into North Carolina on 4 September, 1951.  Upon receipt of
this information that the truck was in Guilford County, North Carolina,
the plaintiff contacted its associate company in Greensboro, and gave it
this information.  On 5 September, 1951, one Paschal, agent of the
plaintiff, went to Kennedy's used car lot, and talked to Kennedy's son
concerning said truck, informing Kennedy's son that plaintiff held a
mortgage on said truck.  9. On 17 September, 1951, plaintiff instituted
in the Civil Division of the Municipal County Court of Greensboro,
North Carolina, claim and delivery proceedings against O'Daniel, and
took said truck from the possession of O'Daniel on 18 September, 1951.
On 20, September, 1951, Kennedy returned to the defendant O'Daniel
$1,100.00, representing the consideration paid by O'Daniel to Kennedy
for the truck, and O'Daniel assigned to Kennedy all rights he had in the
truck.  10. On 5 October, 1951, Kennedy interpleaded—an order making
him a party defendant being signed by the judge of the Municipal County

Court on 5 October, 1951; and Kennedy filed his answer in said court on 9 October, 1951. The defendant O'Daniel filed no answer or pleading and does not appeal. 11. At the time of the seizure of said truck by claim and delivery by the plaintiff from O'Daniel, it had a reasonable market value of $1,200.00. 12. The plaintiff had its sales contract recorded in the office of the Register of Deeds of Guilford County, North Carolina on 26 November, 1951. 13. Each party reserved the right to introduce evidence not in contradiction to the above stipulations. The above stipulations were entered into on 18 April, 1952, in the Superior Court of Guilford County. In the trial in the Municipal County Court there was a judgment signed in favor of the defendant Kennedy, and the plaintiff appealed to the Superior Court.

The plaintiff introduced one witness, J. R. Brown, whose testimony, excluding all parts of it covered in the stipulations, may be summarized as follows: Brown testified that he had a conversation with Kennedy in his Greensboro office 6 September, 1951, in respect to this truck—Brown being an employee of the plaintiff's associate company in Greensboro. He told Kennedy that the plaintiff had a mortgage in the Georgetown office on the truck, and that Blake, who sold him that truck, had been a "skip," and we were looking for him; and asked that Kennedy pay off the mortgage or give the truck to the plaintiff. Kennedy said: "He guessed he'd have to pay it off, to use his exact words. He asked that I call, and get the amount of the balance, which I did, and gave him the figure." Kennedy told Brown that he had checked with the Department of Motor Vehicles or the State Highway Department of South Carolina; that was the only place he checked, and did not make inquiry at Little River, Horry County, South Carolina. The plaintiff has the truck in its possession now under claim and delivery proceeding. As far as I can recollect, the registration card was in Kennedy's possession. The plaintiff introduced a registration card in evidence on this truck with the name on it— W. F. Blake, Little River, Horry County, South Carolina. The plaintiff never knew that Blake lived anywhere else except Horry County, South Carolina. I do not know where Blake is now. I do not know whether Blake ever established a residence in Guilford County. The registration card has never been registered in O'Daniel's name.

The defendant Kennedy then offered evidence—his only witness being himself—whose testimony, except the part as covered in the stipulations, is summarized as follows: I bought this truck directly from Blake; I saw he wanted to sell it. I wanted to be sure it was paid for. I said to Blake: "Let's see the stuff you've got, all the papers and everything." Blake showed me a card. I told him before I bought it, I would have to check the title. I called the Motor Club, State Highway in Columbia, South Carolina, to see if it was Blake's truck. They said it was. Blake

told me he owed nothing on the truck. He gave me a bill of sale, also the card and papers. Kennedy introduced in evidence the registration card given to him by Blake, which had on it W. F. Blake, Little River, Horry County, South Carolina. I bought the truck for the purpose of sale. I gave Blake $625.00 and a 1939 Ford for the truck. The reasonable market value of the Ford was $375.00. "I only told Mr. Brown I would take care of the lien only if he would guarantee I wouldn't have to pay somebody else." Brown said he was only interested in his money. On cross-examination Kennedy testified: "I purchase cars for the purpose of selling them to anybody who might want to buy them, whether they live in North Carolina or not. When I purchased this truck from Blake, I retained it under the registration card Blake gave me. When I purchased the truck back from O'Daniel, I took back the same registration title in the name of W. F. Blake, registered in South Carolina. The title is still registered in South Carolina, and never has been registered in North Carolina. A dealer can keep them that way a year. I do not know where Blake is now. I never saw him before this purchase. I have not tried to locate him. I made no inquiry in Horry County, South Carolina, as to whether there was a mortgage against the truck."

The court submitted one issue to the jury, which was answered as follows, to wit: Is the plaintiff entitled to the possession of the 1951 GMC truck, motor number A228373526, serial number P16451, for the purpose of foreclosing its lien thereon? Answer: Yes.

The court signed a judgment for the plaintiff in accordance with the jury's verdict and the defendant Kennedy appealed to the Supreme Court.

*Adam Younce for plaintiff, appellee.*
*J. D. Franks, Jr., for H. W. Kennedy, defendant, appellant.*

PARKER, J.   The defendant Kennedy assigns as his Error No. One the refusal of the court to nonsuit the plaintiff at the close of the plaintiff's evidence, and assigns as his Error No. Two the refusal of the court to nonsuit the plaintiff at the close of all the evidence. Kennedy in his brief states: "G.S. 44-38.1 applied to the entire transaction in controversy and the motions for judgment as of nonsuit should have been allowed." He further states in his brief "if for any reason G.S. 44-38.1 should be held inapplicable to the instant case because of the effective date of the statute, it is respectfully submitted that G.S. 47-20 and G.S. 47-23 would be controlling."

G.S. 44-38.1 became effective 1 July, 1951, and did not apply to pending litigation. The truck was sold by Blake to Kennedy 10 July, 1951, and this action was instituted 17 September, 1951. G.S. 44-38.1 was in full force and effect, when Blake sold the truck to Kennedy. Whether Sub-

10—237

secs. (1) and (2) of G.S. 44-38.1 apply depends upon the question as to whether the truck has acquired a *situs* in North Carolina. Kennedy in paragraph two of his further answer and defense alleges the truck was brought into North Carolina with the intent that it be permanently located in this State, and has been in North Carolina for more than two months next preceding the commencement of this action, and that the truck had acquired a *situs* in North Carolina. The defendant Kennedy having alleged in his answer a change of *situs* of this truck, he has the burden to establish it. 78 C.J.S., Sales, p. 305.

Webster's New International Dictionary defines *situs* as follows: "Situation or location; position; locality." This Court in *Credit Corp. v. Walters,* 230 N.C. 443, p. 446, 53 S.E. 2d 520, says "situated" as used in G.S. 47-20 and 47-23 "means having a site, situation or location; permanently fixed; located . . . 'It connotes a more or less permanent location or *situs,* and the requirement of permanency must attach before tangible personalty which has been removed from the domicil of the owner will attain a *situs* elsewhere.'" See also *Montague v. Shepherd Co.,* 231 N.C. 551, 58 S.E. 2d 118, for a definition of "situated" as used in the same statutes. The word *"situs"* as used in G.S. 44-38.1 and the word "situated" as used in G.S. 47-20 and 47-23 have the same meaning.

Automobiles, unlike land, have no permanent location in one place. Their use and value depend on their mobility, and for that reason unprincipled people have frequent opportunities to cheat and defraud innocent third persons. To protect persons in this State who purchase for a valuable consideration personal property, covered by a chattel mortgage or a conditional sale agreement created in another state, when the property has been brought into this State from another state G.S. 44-38.1 was enacted by the Legislature. The first sentence of Sub-sec. (a) of the statute provides that "personal property acquires a *situs* in this State when it is brought into this State with the intent that it be permanently located in the State." Such intent is often difficult, if not impossible, to establish so as to make out a case for the jury. In order to facilitate the making out of a case for the jury, the second sentence of Sub-sec. (a) was enacted, which reads: "The keeping of personal property in this State for two consecutive months is *prima facie* evidence that such property has acquired a *situs* in this State."

It is agreed in the stipulations between the plaintiff and Kennedy that Blake brought the truck into North Carolina on or about 10 July, 1951, and sold it to Kennedy. On 3 September, 1951, Kennedy sold the truck to O'Daniel, and on 18 September, 1951, the plaintiff seized the truck under claim and delivery from O'Daniel. The truck has been in North Carolina since 10 July, 1951. This agreement in the stipulations of the keeping of the truck in North Carolina for two consecutive months is

*prima facie* evidence that such property has acquired a *situs* in this State.

Such *prima facie* evidence means, and means no more, than evidence sufficient to justify, but not to compel, an inference that the truck has acquired a *situs* in North Carolina if the jury so find. It furnishes evidence to be weighed, but not necessarily to be accepted, by the jury. It simply carries the case to the jury for determination, and no more. *McDaniel v. R. R.,* 190 N.C. 474, 130 S.E. 208; *Mfg. Co. v. R. R.,* 222 N.C. 330, 23 S.E. 2d 32; *Bennett v. R. R.,* 232 N.C 144, 59 S.E. 2d 598.

From the evidence an inference can be drawn that the truck has not acquired a *situs* in North Carolina. The keeping of the truck in North Carolina for two consecutive months is *prima facie* evidence that the truck has acquired a *situs* in this State. That presents an issue of fact for a jury. The defendant Kennedy's Assignments of Errors Nos. One and Two as to the refusal of the court to nonsuit the plaintiff are overruled.

The defendant Kennedy assigns as Errors Nos. Three and Four the peremptory charge of the court to the jury that if they believed all the evidence, they should answer the issue Yes. A peremptory instruction to a jury is proper when the facts are admitted or established, and only one inference can be drawn therefrom. *La Vecchia v. Land Bank,* 218 N.C. 35, 9 S.E. 2d 489; *Morris v. Tate,* 230 N.C. 29, 51 S.E. 2d 892. As different inferences can be drawn from the evidence, it was prejudicial error for the court to give a peremptory charge, and the defendant Kennedy's Assignments of Errors Nos. Three and Four are sustained.

G.S. 44-38.1, Sub-sec. (b), applies to this truck if a *situs* has been acquired; Sub-sec. (c) applies if the truck has acquired no *situs;* Sub-sec. (d) does not apply for it is agreed that the encumbrance on the truck "was duly recorded in the office of the Clerk of Court of Horry County, South Carolina, on 12 June, 1951, at 9:37 o'clock a.m., as provided by the laws of the State of South Carolina."

The defendant Kennedy is entitled to a new trial, and it is so ordered.

New trial.