THE HOOD SYSTEM INDUSTRIAL BANK OF HIGH POINT v. THE DIXIE OIL COMPANY and D. O. CECIL and D. L. CECIL, Sureties.

(Filed 24 January, 1934.)

**1. Bills and Notes G a—Payee's surrender of note to maker and acceptance of another note amounts to cancellation not requiring writing.**

Where in an action on a note the maker and sureties rely on the discharge of the note by the payee's acceptance of the note of another party in the sum due, and the payee's delivery to them of the papers on which defendants were bound, the payee's objection to the introduction of a deposition of a witness bearing directly on the alleged contract on the ground that it tended to release a written instrument by parol and that the contract alleged was not in writing, cannot be sustained, the contract alleged being a discharge of the debt under C. S., 3101, by intentional cancellation by the payee which is not required to be in writing.

**2. Same—**

An instruction that a negotiable instrument may be discharged by any act which would discharge a simple contract for the payment of money is not error. C. S., 3101.

Appeal by plaintiff from *Sink, J.,* at September Term, 1933, of Guilford. No error.

On 18 April, 1929, the defendants executed and delivered to the plaintiff their promissory note in the sum of $5,400, the payment of which the Dixie Oil Company secured by a deed of trust naming M. H. Folger as trustee. The trust was foreclosed, the sale was confirmed and the proceeds, less the cost of sale, together with another payment were credited on the note. The plaintiff brought suit to recover $4,043.95, the remainder claimed to be due.

In their answer the defendants allege that under an agreement with the plaintiff the Dixie Oil Company, more than a year before the foreclosure, sold to J. E. Marsh the property described in the deed of trust; that Marsh executed notes to the plaintiff, covering the amount of the Oil Company's indebtedness to the plaintiff; and that the plaintiff accepted these notes and discharged the defendants.

The defendants admitted that they executed their note to the plaintiff for $5,400, that proper credits had been entered on the note, that the amount due was $4,053.95 with interest from 28 April, 1932, and that if the defendants did not establish their claim of payment by the Marsh notes the plaintiff was entitled to judgment, less any usury that may have been charged.

The court dismissed the defendant's claim for usury and submitted one issue which was answered "Yes": "Was the note set out in the complaint paid by the delivery to the plaintiff of the Marsh notes, as alleged in the answer?"

In the municipal court of the city of High Point judgment was rendered for the defendants and on appeal to the Superior Court the plaintiff's exceptions were overruled and the judgment was affirmed. The plaintiff excepted and appealed.

*David H. Parsons for appellant.*
*Walser & Casey for appellees.*

ADAMS, J. Prior to the introduction of evidence the plaintiff made a motion to quash the deposition of Wray Farlow on the ground that the testimony of the witness was incompetent in that it was not a statement of facts but an argumentative conclusion of his own (C. S., 1819) by which, if believed, a written instrument would be released by parol. As to the first objection the court announced that the admissibility of the answer to each question would be determined when the deposition was offered, and in reference to the other, the defendant D. O. Cecil, who was a surety on the note, testified that when the cashier agreed to accept the Marsh notes in lieu of those given by the defendants the "bank delivered to me my papers and released the Dixie Oil Company," an act which was tantamount to a discharge of the debt or the intentional cancellation of the papers. C. S., 3101. According to this testimony the notes were delivered to the makers; they were not retained by the holder as in *Manly v. Beam,* 190 N. C., 659; and Farlow's deposition bore directly upon the contract which the defendants pleaded in bar of the plaintiff's recovery. Other exceptions were taken to evidence on the theory that the contract was not in writing; but the defense was a discharge of the debt under C. S., 3101, not the renunciation of a right under section 3104, although in the latter no writing is necessary if "the instrument is delivered to the person primarily liable thereon." The first sixteen exceptions which are directly or indirectly addressed to the same subject-matter must be overruled. The only others to which we need advert are those which have reference to instructions given the jury.

The seventeenth is directed to the court's statement of a paragraph in the answer, which is unobjectionable; the eighteenth, to the deposition of Farlow, which was properly admitted in evidence; the nineteenth, to the rule given as to the burden of proof, which was correct; and the twentieth, to an instruction correctly applying the principle that a negotiable instrument may be discharged by any act which will discharge a simple contract for the payment of money. C. S., 3101. The charge in our opinion was a sufficient compliance with the rule that the court should give the respective contentions of the parties and the law applicable thereto, as laid down in *S. v. Merrick,* 171 N. C., 788, and *Jarrett v. Trunk Co.,* 144 N. C., 299. The other exceptions are formal.

No error.