FIRST PEOPLES SAVINGS & LOAN ASSOCIATION AND AMERICAN MORT-
GAGE INSURANCE COMPANY v. CARL CYNDYN COGDELL, MARTHA
JOHNSON COGDELL, JAMES E. COGDELL AND ROSA B. COGDELL

No. 7916DC264

(Filed 8 January 1980)

Guaranty § 1; Contracts § 4.1— installment sales contract—sufficient considera-
tion to obligate guarantors

In an action to recover on an installment sales contract where two defend-
ants contended that they were not purchasers under the contract but merely
guarantors, there was nevertheless sufficient consideration to support their
obligation under the contract where the evidence showed both a benefit to the
alleged principal debtor and a detriment to the promisee.

APPEAL by plaintiffs from *Britt, Judge.* Judgment entered 14
November 1978 in District Court, ROBESON County. Heard in the
Court of Appeals 14 November 1979.

In 1972 defendants entered into an installment sales contract
with the assignor of plaintiff First Peoples Savings & Loan for
the purchase of a mobile home. Plaintiff American Mortgage In-
surance Co. (AMI) insured First Peoples against losses resulting
from defaults on such contracts. In May 1975 defendants
defaulted, and First Peoples was paid by AMI. AMI, subrogated
to First Peoples' rights, then sold the mobile home, and now
seeks to collect the difference between the proceeds of sale and
the amount it paid out under the insurance policy.

The jury found that the obligations of defendants James and
Rosa Cogdell under the installment sales contract were not sup-
ported by consideration, and that plaintiffs were entitled to

recover $2,413.75 from defendants Carl and Martha Cogdell. Plaintiffs appeal.

*Allen, Steed and Allen, by Noah H. Huffstetler III, for plaintiff appellants.*

*No counsel for defendant appellees.*

ARNOLD, Judge.

The first issue submitted to the jury was, "Were the obligations of Defendants James and Rosa Cogdell under the installment sales contract supported by consideration?" Plaintiffs contend that they were entitled to a directed verdict on this issue, and that the court's charge on the issue was incorrrect.

The installment sale contract was signed by all four defendants, as follows:

Buyer

Signs s/Carl Cyndyn Cogdell   (Seal)

     s/Martha Johnson Cogdell

Buyer

Signs s/James Eddie Cogdell   (Seal)

     s/Rosa B. . . Cogdell

Defendants James and Rosa Cogdell (defendants) aver by their third defense that there was no consideration for them to enter into any contract with the seller. Plaintiffs' Exhibit B, the certificate of title, is made out in the names of Carl and Martha Cogdell only, and defendants contend that they were not purchasers under the contract, but merely guarantors.

Assuming without deciding that defendants were guarantors only, we still do not find that consideration was lacking. "It is not necessary that the promissor receive consideration or something of value himself in order to provide the legal consideration sufficient to support a contract . . . . In a guaranty contract . . . [t]he promise is enforceable if a benefit to the principal debtor is shown or if detriment or inconvenience to the promisee is disclosed." *Investment Properties v. Norburn,* 281 N.C. 191, 196,

188 S.E. 2d 342, 345 (1972). The facts here clearly show both a benefit to the alleged principal debtor and a detriment to the promisee, affording sufficient consideration for defendants' promise to pay.

Furthermore, consideration for the defendant James Cogdell's promise is imported by the fact that the contract was executed under seal. *Mobil Oil Corp. v. Wolfe*, 297 N.C. 36, 252 S.E. 2d 809 (1979). (Whether Rosa Cogdell intended to adopt the seal would be a question for the jury. *Id.*)

Failure of consideration is an affirmative defense, G.S. 1A-1, Rule 8(c), upon which defendants bear the burden of proof. The defendants here did not meet this burden. Therefore a directed verdict in plaintiffs' favor against defendants on this issue would have been proper. *Roberts v. Reynolds Memorial Park*, 281 N.C. 48, 187 S.E. 2d 721 (1972).

We need not reach plaintiffs' argument that the jury instruction was incorrect.

Plaintiffs were entitled to a directed verdict on the first issue. The cause is therefore remanded for entry of judgment accordingly.

Reversed and remanded.

Judges CLARK and ERWIN concur.