LOMAN-GARRETT SUPPLY COMPANY, INC. v. E. C. DUDNEY AND DUDNEY, INC.

No. 8118SC660

(Filed 6 April 1982)

**Guaranty § 2; Rules of Civil Procedure § 8; Seals § 1— action to enforce guaranty —failure to plead lack of consideration—summary judgment improper**

> The trial court erred in granting summary judgment for plaintiff where a guaranty was signed after plaintiff had extended credit to the corporate defendant and an issue arose as to whether new consideration was required to make the guaranty enforceable. The fact that defendant failed to plead the affirmative defense of failure of consideration as required by G.S. 1A-1, Rule 8(c) did not prevent the trial court from considering the question of failure of consideration in ruling upon plaintiff's motion for summary judgment since defendant raised his defense of failure of consideration in his affidavit. Nor was the consideration defense rendered moot by the fact that the guaranty was signed under seal as the effect of a seal is not to preclude the court's consideration of the issue entirely, but only to raise a presumption of consideration which may be rebutted by clear and convincing evidence.

APPEAL by defendant from *Collier, Judge.* Judgment entered 14 April 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 2 March 1982.

Plaintiff first brought this action against the individual defendant alone, seeking the unpaid balance allegedly due on an account set up by defendant in the name of the corporate defendant. The plaintiff pleaded Dudney's written guaranty of the account as the basis for his liability.

The trial court denied plaintiff's motion for summary judgment, suggesting that Dudney, Inc. be joined as a necessary party. Plaintiff filed an amended complaint against both Dudney and Dudney, Inc.

Dudney denied individual liability on grounds that plaintiff had failed to fulfill a condition precedent to Dudney's obligation on the guaranty, *i.e.* that plaintiff extend additional credit to Dudney, Inc. In his affidavit opposing plaintiff's summary judgment motion, defendant asserted that "the alleged consideration for the signing of [the] 'Guaranty of Third Persons' . . . was to be the furnishing of new credits to Dudney, Inc." and that no new credits had been extended.

The trial court granted plaintiff's second motion for summary judgment, finding the individual defendant liable for the unpaid balance of the account, plus costs and attorney's fees. Judgment was also entered against Dudney, Inc., by default after it failed to file an answer to the complaint.

Defendants appeal.

*Tuggle, Duggins, Meschan, Thornton & Elrod, by Thomas S. Thornton and Rayford K. Adams, III, for plaintiff appellee.*

*Ralph G. Jorgensen for defendant appellants.*

ARNOLD, Judge.

As their first assignment of error, defendants contend that the court erred in granting summary judgment against the individual defendant. Since the guaranty was signed after plaintiff had extended credit to the corporate defendant, new consideration was required to make the guaranty enforceable and no such consideration was given.

Plaintiff defends the court's grant of summary judgment on grounds that a guaranty under seal requires no consideration, and that, in any event, defendant failed to plead the affirmative defense of failure of consideration as required by G.S. 1A-1, Rule 8(c). Plaintiff notes that the affirmative defense which defendant did set forth in his answer, that of failure to fulfill a condition precedent, is one strongly disfavored by courts and that it was not supported by defendant's affidavit.

We agree with plaintiff that the relevant question is one of consideration, not of condition precedent. We do not agree, however, that the court could not properly consider the question of failure of consideration in ruling upon plaintiff's motion for summary judgment.

Summary judgment is a drastic remedy which should be granted only upon a showing that there exists no material factual issue and that the movant is entitled to judgment as a matter of law. *Atkinson v. Wilkerson*, 10 N.C. App. 643, 179 S.E. 2d 872 (1971). In determining the existence of a triable issue of .fact, the judge may consider verified pleadings and affidavits submitted by the parties in support thereof. Indeed, our Supreme Court has held that for the purpose of opposing a summary judgment motion an affirmative defense may be raised for the first time by affidavit. *Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976). Defendant having raised his defense of failure of consideration in his affidavit, we hold that his failure to plead the defense was not fatal even though the preferred practice is to require a formal amendment to the pleadings. *Bassett v. Griggs*, 47 N.C. App. 104, 266 S.E. 2d 702 (1980). We note, moreover, that plaintiff was placed on notice of the substance, if not the label, of defendants' affirmative defense by the pleadings. The stated basis for defendants' claim of failure of condition precedent is precisely that which supports the defense of failure of consideration.

Even if properly raised, plaintiff argues that the consideration defense was rendered moot by the fact that the guaranty was signed under seal. It is true that a seal "imports consideration" in North Carolina. *Mobil Oil v. Wolfe*, 297 N.C. 36, 39, 252 S.E. 2d 809, 811 (1979); *First Peoples Savings & Loan Association v. Cogdell*, 44 N.C. App. 511, 261 S.E. 2d 259 (1980). However, the effect of a seal is not to preclude the court's consideration of the issue entirely as plaintiff suggests, but only to raise a presumption of consideration which must be rebutted by clear and convincing evidence. *Mills v. Bonin*, 239 N.C. 498, 80 S.E. 2d 365 (1954); *Little v. Oil Company*, 12 N.C. App. 394, 183 S.E. 2d 290 (1971). Defendant is entitled to have a jury determine whether his evidence is sufficient to rebut the presumption here since this is an issue of fact. Summary judgment was therefore improper and must be reversed.

Defendants' remaining assignments of error relating to the propriety of the court's entry of default judgment against the corporate defendant attack that judgment on purely technical grounds. We hold that any error in the judge's failure to substitute the word "Judge" for that of "Clerk" on the judgment form was harmless as a matter of law.

The summary judgment against E. C. Dudney in his individual capacity is reversed and the cause remanded for trial.

The default judgment against Dudney, Inc. is affirmed.

Judges CLARK and WEBB concur.