MARGARET B. ALMOND, Executrix of the Estate of JESSE J. ALMOND, Deceased, Plaintiff v. THOMAS A. RHYNE, JR., Defendant

No. 9120SC1166

(Filed 8 January 1993)

1. **Bills and Notes § 20 (NCI3d)— action on a note—evidence of discharge—summary judgment for plaintiff**

The trial court did not err by entering summary judgment for plaintiff in an action to collect the amount owing on a

ALMOND v. RHYNE

[108 N.C. App. 605 (1993)]

promissory note where defendant contended that his pleadings, depositions and affidavits showed that the deceased surrendered the note with the intent to cancel and discharge defendant's obligation, that this transaction constituted a gift, or that there had been an accord and satisfaction. Plaintiff's evidence established that defendant was in default on payments due, on the note, the parties are in agreement that only defendant and the deceased were present when defendant obtained possession of the note, and all communications between the deceased and defendant were oral and neither party reduced any portion of the transaction to writing. While evidence of "conduct" would not be barred by the Deadman's Statute, N.C.G.S. § 8C-1, Rule 601(c), all of defendant's remaining evidence concerning discharge of the promissory note is in the nature of oral communications between himself and the deceased and would be expressly excluded under that statute. No admissible evidence can be introduced to support defendant's allegations that the deceased gave him the promissory note and stock certificate with intent to discharge the debt.

**Am Jur 2d, Bills and Notes § 1316.**

2. **Bills and Notes § 15 (NCI3d)— note—surrender of document— not discharge**

The trial court did not err by denying partial summary judgment for defendant in an action on a note where defendant contended that surrender of the note and stock certificate to him by the deceased extinguished the debt as a matter of law. N.C.G.S. § 25-3-605 applies only to negotiable instruments; this note is conditional because of language incorporating the terms of an agreement and therefore is not a negotiable instrument. The debtor's obligation under a note can be discharged when the note is surrendered to the debtor and there is ample evidence· that the party surrendering the note intended to discharge the debtor; however, the operation of the Deadman's Statute in this case precludes evidence that the deceased intended to discharge defendant's obligation. Since defendant must prove not only surrender of the note but also an intent to discharge the debt on the part of the deceased, it cannot be said that a finding of one element raises a presumption that the other exists.

**Am Jur 2d, Bills and Notes §§ 143, 948, 1316.**

ALMOND v. RHYNE

[108 N.C. App. 605 (1993)]

Appeal by defendant from judgment entered 12 September 1991 by Judge Thomas W. Ross in Stanly County Superior Court. Heard in the Court of Appeals 23 October 1992.

On 1 May 1984, Thomas A. Rhyne, Jr. (defendant) executed an agreement whereby defendant agreed to purchase fifty (50) shares of stock in A & H Millwork, Inc. from Jesse J. Almond (the deceased). In addition to the terms of purchase, this agreement gave defendant an option to purchase an additional fifty (50) shares of stock. To secure the purchase price of $35,000, defendant also executed a document entitled "Promissory Note and Security Agreement."

In either June or September of 1988, after the deceased was diagnosed with cancer, defendant visited the deceased. During this visit, defendant obtained possession of the promissory note and a stock certificate representing the original fifty (50) shares of stock. Only defendant and the decedent were present during this time.

Plaintiff filed suit on 9 April 1990 to collect the balance owing on the promissory note. No payment has been made on the promissory note since 10 May 1988. On 12 September 1991, the trial court granted plaintiff's motion for summary judgment for the balance due on the note plus interest.

*David A. Chambers for plaintiff appellee.*

*Ervin & Cohen, by Howard M. Cohen, for defendant appellant.*

WALKER, Judge.

Defendant makes two arguments on appeal. He contends the trial court erred (1) in granting plaintiff's motion for summary judgment, and (2) in denying his motion for partial summary judgment. Summary judgment should be rendered only when the pleadings, depositions, answers to interrogatories, admissions and affidavits disclose no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Town of West Jefferson v. Edwards*, 74 N.C.App. 377, 329 S.E.2d 407 (1985). If an issue of material fact exists, then the trial court should not grant summary judgment. The party moving for summary judgment has the burden of establishing the absence of any triable issue of fact. *Brawley v. Brawley*, 87 N.C.App. 545, 361 S.E.2d

759 (1987), *disc. review denied*, 321 N.C. 471, 364 S.E.2d 918 (1988).

I.

[1] In his first assignment of error, defendant argues that the trial court erred when it entered summary judgment for plaintiff. Defendant contends that his pleadings, depositions and affidavits show the deceased surrendered the note with the intent to cancel and discharge defendant's obligation or in the alternative, this transaction constituted a gift and extinguished the debt, or in the alternative, Rhyne relinquished his claim to purchase additional shares of stock and this surrender of the note constituted an accord and satisfaction.

The uncontroverted evidence in the record indicates that defendant executed a promissory note for $35,000 in May of 1984 and payments were made on the note until May of 1988. In either June or September of 1988, defendant visited the deceased and obtained possession of the note and fifty shares of stock. The parties are in agreement that only defendant and the deceased were present when defendant obtained possession of the note. All communications between the deceased and defendant were oral and neither party reduced any portion of the transaction to writing.

Plaintiff's evidence established defendant was in default on payments due on the note. In order to defeat summary judgment, defendant must come forward with evidence to show the debt was discharged under one of his three theories. Our Supreme Court has recently stated:

> The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.

*Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992), *quoting Collingwood v. G.E. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989).

Since evidence of intent is necessary to support defendant's defense, this must be shown by oral communications between the deceased and defendant. In this action the executrix is a party

ALMOND v. RHYNE

[108 N.C. App. 605 (1993)]

and Rule 601(c), N.C. Rules of Evidence must be examined. This statute, commonly referred to as the "Deadman's Statute," provides in essence that no person, interested in an event, can be examined as a witness in his own behalf against the executor of a deceased person, concerning any oral communication between the witness and the deceased. Prior to Rule 601(c) taking effect, the Deadman's Statute operated to exclude evidence of "a personal transaction or communication between the witness and the deceased person." *See* G.S. § 8-51 (repealed 1984); Rule 601 (official commentary). The current statute is narrower and only excludes "oral communication." 1 L. Brandis, *Brandis on North Carolina Evidence* § 73 (1988).

In the present case, defendant's evidence revealed that the deceased "delivered" the promissory note to him. While evidence of "conduct" would not be barred by operation of the Deadman's Statute, all of defendant's remaining evidence concerning discharge of the promissory note being in the nature of oral communication between himself and the deceased would be expressly excluded under Rule 601(c).

Under the facts presented, the debt was discharged only if the deceased surrendered the promissory note to defendant with the intent to discharge the debt. This is supported by the authorities cited by defendant in his brief. Since no admissible evidence can be introduced to support defendant's allegations that the deceased gave him the promissory note and stock certificate with intent to discharge the debt, summary judgment for plaintiff was proper.

II.

[2] Defendant next contends that his motion for partial summary judgment should have been granted since the deceased surrendered the promissory note and stock certificate to him and these documents remain in his possession. According to defendant, the surrender of these documents extinguished the debt as a matter of law.

Defendant argues that G.S. 25-3-605 of the Uniform Commercial Code (UCC) is dispositive of this issue. In relevant part this statute provides:

(1) The holder of an instrument may even without consideration discharge any party

. . . .

ALMOND v. RHYNE

[108 N.C. App. 605 (1993)]

(b) by renouncing his rights by a writing signed and delivered or *by surrender of the instrument to the party to be discharged.*

(emphasis added). However, this statute only applies to negotiable instruments. In the present case, the promissory note provides that the terms of the May 1984 Agreement "are incorporated herein by reference as though fully herein written." Because of this language, the promissory note is conditional and therefore not a negotiable instrument. *See* G.S. 25-3-105(2)(a); *Booker v. Everhart*, 294 N.C. 146, 240 S.E.2d 360 (1978).

Under the law of this state a debtor's obligation under a note can be discharged when the note is surrendered to the debtor and there is ample evidence that the party surrendering the note *intended* to discharge the debtor. *See Hood System Industrial Bank of High Point v. Dixie Oil Co.*, 205 N.C. 778, 172 S.E. 360 (1934) and *Picot v. Sanderson*, 12 N.C. 309 (1827). Here, the operation of Rule 601(c) (Deadman's Statute) precludes evidence that the deceased intended to discharge defendant's obligation.

Several jurisdictions have recognized that surrender of a note to the debtor will discharge the debtor's obligation if it is done with the intent to discharge. *In Re Union League Club of Chicago*, 203 F.2d 381 (7th Cir. 1953); *Lanham v. Meadows*, 72 W.Va. 610, 78 S.E. 750 (1913); *Connelly v. Bank of America National Trust & Savings Association*, 138 Cal.App.2d 303, 291 P.2d 501 (1956). Also, other authorities recognize that surrender of an instrument must be accompanied by an intent to discharge the debtor's obligation. *See* 5A A. Corbin, *Contracts* § 1250 (1964); 15 S. Williston, *The Law of Contracts* § 1876 (1972); Restatement (Second) of Contracts § 274 (1981). We find the approach advocated by these authorities is well reasoned and applicable to the present situation. Accordingly, having reviewed defendant's pleadings, depositions and affidavits, and since he has presented no admissible evidence in regards to the deceased's intent when surrendering the documents, we cannot say, as a matter of law, that the debt has been extinguished.

Defendant further contends that at a minimum, surrender of the note created a presumption of discharge. We first observe that cancellation or discharge of an obligation is an affirmative defense and defendant, as payor, bears the burden of proving a valid discharge. *See Hayes v. Hartford Accident and Indemnity*

*Co.*, 274 N.C. 73, 82, 161 S.E.2d 552, 559 (1968); *Baillie Lumber Co. Inc. v. Kincaid Carolina Corp.*, 4 N.C.App. 342, 167 S.E.2d 85 (1969). Since defendant must prove not only surrender of the note but also an intent to discharge the debt on the part of the deceased, we cannot say that a finding of one element raises a presumption that the other exists. Accordingly, defendant's argument has no merit.

Affirmed.

Judges GREENE and WYNN concur.