THOMAS A. SMITH, Plaintiff,
v.
MELISSA PAGE MAULDIN, Individually and as Executrix of the Estate of Sue Nell Smith Page, Defendant.
No. COA07-1482
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
Knox, Brotherton, Knox & Godfrey, by C. Ashley Lamm, for plaintiff-appellant.
Bahner & Medlin, by R. Ward Medlin, for defendant-appellee.
STEELMAN, Judge.
The trial court acted within its discretion when it granted defendant's Rule 41(b) motion for involuntary dismissal at the close of plaintiff's evidence. The trial court's conclusions of law were supported by its findings of fact, which were in turn supported by competent evidence that the note and deed of trust executed by plaintiff were valid and enforceable.

I. Factual and Procedural Background
During 2000, plaintiff Thomas Smith executed and delivered to his sister, Sue Page, a $50,000 promissory note secured by a deed of trust on real estate located in Holden Beach. Both documents were dated 29 May 2000 and were executed by Smith under seal. Following the death of Sue Page (hereinafter decedent), the two documents were discovered by her daughter, Melisa Page Mauldin. Mauldin then notified Smith that she was executrix of her mother's estate and, as sole heir, she was also the successor beneficiary to the note.
Smith responded to his niece by letter, demanding the return of the documents and asserting that the loan had never been funded. On 21 October 2005, Smith (hereinafter plaintiff) filed a complaint seeking damages and possession of the documents. On 22 December 2005, Mauldin (defendant) filed an answer, and on 17 January 2006, she recorded the deed of trust.
The matter was heard by the court, sitting without a jury, on 29 May 2007. At the close of plaintiff's evidence, the court granted defendant's motion to dismiss under Rule 41(b), finding that plaintiff failed to present any written or competent oral evidence that there was a failure of consideration for the note and deed of trust. Plaintiff appeals.

II. Standard of Review
"A Rule 41(b) motion challenges the sufficiency of plaintiff's evidence to establish plaintiff's right to relief." Lumbee River Electric Corp. v. City of Fayetteville, 309 N.C. 726, 741, 309 S.E.2d 209, 218 (1983)(citation omitted).
In a nonjury case, section (b) of this rule provides a procedure whereby, at the close of plaintiff's evidence, the judge can give judgment against plaintiff not only because his proof has failed in some essential aspect to make out a case but also on the basis of facts as he may then determine them to be from the evidence then before him. The trial judge sits as a trier of the facts and may weigh the evidence, find the facts against the plaintiff and sustain the defendant's motion under section (b) of this rule at the conclusion of the plaintiff's evidence, even though the plaintiff has made out a prima facie case which would have precluded a directed verdict for the defendant in a jury case.
The function of the trial judge as trier of the facts is to evaluate the evidence without any limitation as to inferences favorable to plaintiff. The findings of fact made by the trial judge are conclusive on appeal if supported by competent evidence, even if, arguendo, there is evidence to the contrary. The trial court's judgment therefore must be granted the same deference as a jury verdict.
Id., 309 S.E.2d at 218-19 (internal citations omitted). Dismissal under Rule 41(b) "is left to the sound discretion of the trial court." In re Oghenekevebe, 123 N.C. App. 434, 437, 473 S.E.2d 393, 396 (1996) (citation omitted).

III. Analysis
Because the central issue in this case was whether plaintiff met his burden of proving a failure of consideration in a contract, we first review the governing legal principles where, as here, one of the parties to the agreement is deceased. First, the presence of a seal creates a "presumption" of consideration. Loman-Garrett Supply Co. v. E.C. Dudney & Dudney, Inc., 56 N.C. App. 622, 624, 289 S.E.2d 600, 602 (1982)("the effect of a seal is not to preclude the court's consideration of the issue entirely as plaintiff suggests, but only to raise a presumption of consideration which must be rebutted by clear and convincing evidence."). Second, the parol evidence rule does not bar the admission of parol evidence to prove failure of consideration. Mills v. Bonin, 239 N.C. 498, 501, 80 S.E.2d 365, 367 (1954). However, Rule 601 of the North Carolina Rules of Evidence bars testimony by an interested party in court proceedings "concerning any oral communication between the witness and the deceased person." Almond v. Rhyne, 108 N.C. App. 605, 609, 424 S.E.2d 231, 233 (1993)(citation omitted); N.C. Gen. Stat. § 8C-1, Rule 601(c).
Plaintiff does not challenge findings of fact 1-13, which are binding on appeal. Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). Consequently, it is uncontroverted that: plaintiff, a former bail bondsman who had executed numerous promissory notes in his work, executed a $50,000 promissory note in his sister's name, and an accompanying deed of trust securing the note, in May 2000. He mailed these to his sister in October 2000. In March 2001, plaintiff was involved in an equitable distribution case in Mecklenburg County in which he made an interim distribution to his former wife in the amount of $50,000. In May 2001, plaintiff listed the note and the lien against the Holden Beach property in affidavits filed in the equitable distribution proceeding. The note was listed in a schedule entitled "Debts and Liabilities at Present Time."

A. The Parol Evidence Rule
In his first argument, plaintiff challenges two of the court's conclusions of law, asserting that parol evidence was admissible to contradict the terms of the promissory note and deed of trust because the documents were ambiguous in their terms and also because such evidence is admissible to prove failure of consideration. We disagree.
The challenged conclusions are:
5. That parol evidence is not admissible to contradict to [sic] or add terms to a clear and unambiguous promissory note.
6. That there is no evidence of mutual mistake, fact, fraud, influence, or lack of mental capacity that would warrant the consideration of parol evidence.
Plaintiff asserts that these conclusions are flawed because parol evidence is admissible to prove failure of consideration. In the alternative, plaintiff also asserts that the terms of the note were ambiguous and therefore the parol evidence rule should not apply to bar evidence that would prove his claims. We address each portion of plaintiff's argument separately.
The parol evidence rule prohibits consideration of evidence as to anything which happened prior to or simultaneously with the making of a contract which would vary the terms of the agreement. Bell v. Chadwick, 226 N.C. 598, 600, 39 S.E.2d 743, 744 (1946).
The rule is, that "parol evidence will not be heard to contradict, add to, take from or in any way vary the terms of a contract put in writing . . . for the reason that the parties, when they reduce their contract to writing, are presumed to have inserted in it all the provisions by which they intended to be bound." Ray v. Blackwell, 94 N.C., 10. As against the recollection of the parties, whose memories may fail them, the written word abides. Walker v. Venters, 148 N.C., 388, 62 S.E., 510.
Id. Thus, conclusion of law 5 is an accurate statement of the law. However, "a total failure of consideration for a note under seal renders it unenforceable in the hands of any person other than a holder in due course." Mills v. Bonin, 239 N.C. at 502, 80 S.E.2d at 367 (citations omitted). Consequently, the rule is not violated by the admission of parol evidence to demonstrate a total failure of consideration, where, as here, the note is held by a testamentary beneficiary. See id.; N.C. Gen. Stat. § 25-3-302 (excluding successors in interest to an estate from the definition of a holder in due course). We agree with plaintiff that parol evidence was admissible to demonstrate a total failure of consideration. However, we have reviewed the transcript of the hearing and there is no indication that the court applied the parol evidence rule to bar testimony or other evidence for this purpose.
The court instead ruled that:
16. . . . the Plaintiff, Thomas A. Smith, is prohibited by law from introducing any oral communication that he may have had with Sue Smith Page by Rule 601.
Although the trial court classified this ruling as a finding of fact, it is more properly considered a conclusion of law because it states the legal principle upon which the ruling was made. Coble v. Coble, 300 N.C. 708, 713, 268 S.E.2d 185, 189 (1980). As such, it must itself be based upon supporting factual findings; in this instance, findings of fact 1-13 support the trial court's ruling. Plaintiff does not challenge this ruling, but rather attempts to blend the principles of Rule 601, the Dead Man's Statute, into his arguments that the parol evidence rule was improperly applied to his evidence. A review of the record clearly shows that the court sustained objections to plaintiff's testimony regarding his "understanding" with the decedent only on the basis of Rule 601. Having thus reviewed the record, we hold that the trial court did not err in its application of Rule 601 or regarding the admission of evidence related to plaintiff's claim that there was a failure of consideration.
Plaintiff also contends that the court erred in its conclusion that there was no evidence warranting consideration of parol evidence to vary the terms of the contract. Plaintiff asserts that a delay in delivery, from the 29 May 2000 date of execution to the 30 October 2000 date of mailing, creates ambiguity in the terms of the promissory note and the deed of trust. We fail to discern how a delay in delivery of a document bears in any manner upon whether that document is ambiguous on its face. Plaintiff cites no authority for this proposition. Further, a review of the written terms of the note and deed of trust reveals no ambiguity on their faces. Having reviewed plaintiff's arguments, the plain language of the note, and the transcript, we hold that the record is devoid of any competent evidence of mutual mistake, fact, fraud, influence, or lack of mental capacity that would warrant the consideration of parol evidence to vary the terms of a promissory note that is unambiguous on its face. Consequently, we further hold that conclusion of law 6 properly applied the parol evidence rule to exclude evidence of agreements outside of the note or deed of trust that purported to vary the terms of those documents. Bell v. Chadwick, 226 N.C. at 600, 39 S.E.2d at 744. This argument is without merit.
B. Rule 41(b) Motion to Dismiss
In his second argument, plaintiff contends that the trial court erred in granting defendant's motion to dismiss because his evidence at trial rebutted the presumption that valid consideration was given in exchange for the execution and delivery of the promissory note and deed of trust. We disagree.

1. Findings of Fact
Plaintiff specifically assigns error to findings of fact 14, 15, and 17, which read as follows:
14. That the Plaintiff, Thomas A. Smith, took no action against Sue Smith Page during her lifetime to secure recovery of the documents or cancellation of same based upon any failure of consideration.
15. That the Plaintiff, Thomas A. Smith, has offered no written evidence, any written document or any other admissible evidence that contradict the fact that the Promissory Note was made with valid consideration.
. . .
17. That the Plaintiff, Thomas A. Smith, failed to offer any competent oral testimony from any uninterested person that the Notes [sic] and Deed of Trust was without consideration.
"When a motion to dismiss pursuant to Rule 41(b) is made, the judge becomes both the judge and the jury; he must consider and weigh all competent evidence before him; and he passes upon the credibility of the witnesses and the weight to be given to their testimony." Miles v. Carolina Forest Ass'n, 167 N.C. App. 28, 34, 604 S.E.2d 327, 332 (2004) (citing Dealers Specialties, Inc. v. Housing Services, 305 N.C. 633, 636, 291 S.E.2d 137, 139 (1982)). It is not our role to disturb a trial court's finding even though there may be evidence to support a contrary one. Lumbee River, 309 N.C. at 741, 309 S.E.2d at 219.
In the instant case, plaintiff made a $50,000 payment, the identical amount of the secured loan from his sister, to his ex-wife several months after the note and deed of trust were delivered to Ms. Page. Plaintiff introduced no documentary evidence to support his contentions that the loan was never funded and that he paid the interim distribution from other funds. The only evidence from a non-family member that tended to support plaintiff's version of events was a statement by a former employee that plaintiff's business accounts contained sufficient funds from which the distribution could have been made. Testimony of what "could" have happened may form the basis for inference by the fact finder, but it does not establish that such an event occurred. Consequently, there was conflicting evidence of consideration before the court at the close of plaintiff's evidence. This evidence included plaintiff's affidavits from the Mecklenburg County equitable distribution proceeding in which plaintiff acknowledged the $50,000 note as a debt. In ruling on the 41(b) motion, the judge "bec[ame] both the judge and the jury," considered and weighed the evidence, "passe[d] upon the credibility of the witnesses and the weight to be given to their testimony[,]" Carolina Forest Ass'n, 167 N.C. App. at 34, 604 S.E.2d at 332, and resolved the conflict in favor of defendant. We conclude that the trial court acted within its role as fact finder, Lumbee River, 309 N.C. at 741, 309 S.E.2d at 219, when it determined that plaintiff did not rebut the presumption of consideration by clear and convincing evidence. Loman-Garrett Supply Co., 56 N.C. App. at 624, 289 S.E.2d at 602. We hold that findings of fact 14, 15, and 17 are supported by the record before this Court and are thus binding on appeal.

2. Conclusions of Law
Within this argument, plaintiff also challenges the following conclusions of law:
2. That in the Promissory Note the Plaintiff promised to pay Sue S. Page the principle [sic] sum of $50,000.00.
3. That the Note was given to secure a loan from Sue S. Page and was secured by a Deed of Trust, also signed on or about May 29, 2000.
4. That the Plaintiff, Thomas A. Smith, as Grantor stated that he was indebted to the Beneficiary in the principle [sic] sum of $50,000.00 as evidenced by the Promissory Note.
. . .
7. That the Promissory Note was made under seal and therefore presumed that it was based upon good and adequate consideration under the law.
8. That the Plaintiff, Thomas A. Smith, has failed to come forward with clear and convincing evidence that the Promissory Note and Deed of Trust executed by him was done so without consideration as stated in those documents.
9. That as fact-finder in a non-jury trial, this Court may evaluate the evidence at the close of Plaintiff's case without inference and concludes that the Defendant . . . is entitled to an order granting their [sic] motion for involuntary dismissal under Rule 41.
We review the trial court's conclusions of law de novo, but afford deference to those conclusions where they are supported by the court's findings of fact. Lumbee River, 309 N.C. at 741, 309 S.E.2d at 219.
Conclusions of law 2-4 are supported by findings of fact 2-6 and 16. Conclusion of law 7 accurately states the rule of law, discussed supra, that a seal creates a "presumption" of consideration. Loman-Garrett Supply Co., 56 N.C. App. at 624, 289 S.E.2d at 602. Conclusion of law 8, which is supported by findings of fact 14, 15, and 17, discussed supra, finding of fact 16, and conclusions of law 5-7, accurately states plaintiff's burden of proving his assertion that there was a failure of consideration and overcoming the presumption created by the seal. Id.
Conclusion of law 9 is supported by the findings of fact and conclusions of law discussed supra and properly states the law under Lumbee River. 309 N.C. at 741, 309 S.E.2d at 218 ("The trial judge sits as a trier of the facts and may weigh the evidence, find the facts against the plaintiff and sustain the defendant's motion under section (b) of this rule at the conclusion of the plaintiff's evidence, even though the plaintiff has made out a prima facie case which would have precluded a directed verdict for the defendant in a jury case.").
This argument is without merit.

C. Conclusion
Because the trial court's conclusions of law accurately state the law and are supported by its findings of fact, we hold that the trial court did not err in granting defendant's Rule 41(b) motion at the close of plaintiff's evidence. We do not reach plaintiff's arguments under the Uniform Commercial Code as we find them unavailing.
AFFIRMED.
Judges HUNTER and STEPHENS concur.
Report per Rule 30(e).